UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JUSTIN LEE SIGLER, Plaintiff | DOCKET NO. 1:18-CV-1253; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| NATCHITOCHES PARISH DETENTION CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Justin Lee Sigler ("Sigler") (#561114). Sigler is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana. Sigler claims he was denied his constitutional rights with respect to a disciplinary conviction.

Sigler's complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

I. Background

Sigler alleges he was approached by Officer Williams of the NPDC while standing behind the work release building. Sigler threw his cigarette into the garbage can and walked toward Officer Williams. Officer Williams asked Sigler what he was smoking. (Doc. 7, p. 4). Sigler alleges he informed Officer Williams that he was smoking a hand-rolled cigarette. Officer Williams had Sigler empty his pockets, and then escorted Sigler to the front of the building. (Doc. 7, p. 4). Officer Williams accused Sigler of being intoxicated and smoking synthetic marijuana. (Doc. 7, pp. 4-5).

Sigler alleges he was deprived of a copy of the disciplinary write-up, inmate counsel, and a drug screen to prove his innocence. Sigler also complains he was denied due process because he was not brought before the disciplinary committee prior to being transported to disciplinary court at David Wade Correctional Center. (Doc. 7, p. 5). Sigler was convicted and lost 90 days of good time credits.

II. <u>Law and Analysis</u>

    A.    <u>Sigler's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Sigler is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 11). As a prisoner seeking redress from an officer or employee of a governmental entity, Sigler's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See <u>Martin v. Scott</u>, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); <u>Rosborough v. Mgmt. and Training Corp.</u>, 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Sigler's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u> at 327. A complaint fails to state a claim upon which relief may be granted when it fails to

plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Sigler's complaint is barred by Heck v. Humphrey.

Sigler seeks monetary damages for an allegedly unlawful disciplinary conviction that resulted in the loss of good time. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994).

Sigler's disciplinary conviction has not been invalidated, reversed, or called into question by the issuance of a writ of habeas corpus. Therefore, an award of monetary damages based on Sigler's claim that his disciplinary conviction was unlawful is barred by Heck v. Humphrey and Edwards v. Balisok, 520 U.S. 641 (1997) (applying Heck holding to a disciplinary conviction).

To the extent Sigler seeks the restoration of good conduct time, reversal of his disciplinary conviction, or expungement of the disciplinary proceedings from his record, his claim fails. Such claims must be raised through a petition for writ of habeas corpus after proper exhaustion. See Heck, 512 U.S. at 486–87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the complaint be DENIED and DISMISSED with prejudice under §§ 1915(e)(2)(b) and 1915A until such time as the Heck conditions have been met.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of October, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge